UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cesar de la Garza,

       Plaintiff,

v.

Joan Fabian, et al.,

       Defendants.

Civil No.: 06-0208 (RHK/JJG)

**REPORT AND RECOMMENDATION**

       Plaintiff, a Minnesota state prison inmate, commenced this action on January 12, 2006, by filing a Complaint seeking relief for alleged violations of his federal constitutional rights (Doc. No. 1). Since the time of that filing, Plaintiff has filed no less than four motions redundantly seeking temporary restraining orders and preliminary injunctions against the defendant relating to his access to his legal files and the courts and to the conditions of his confinement (Doc. Nos. 10, 11, 33, and 40).

       At the time Plaintiff filed his first motions for injunctive relief, February 17, 2006, (Doc. Nos. 10 and 11), service of Summons and Complaint had not yet been effectuated upon the named defendants. On March 24, 2006, copies of the Summons and Complaint were mailed by the United States Marshal Service to the named defendants at the address of the Litigation Coordinator of the Minnesota Department of Correction Legal Services Unit. On April 17, 2006, Minnesota Assistant Attorney General Mark Levinger acknowledged service upon the defendants, except for Jane Norman. On May 15, 2006, the defendants, with the exception of Jane Norman, filed a Joint Answer. The Summons issued

for Jane Norman was returned by the U.S. Marshal service un-executed. Assistant Attorney General Levinger reports Ms. Norman is no longer employed by the State of Minnesota. Accordingly, the Court has no knowledge of personal service upon Ms. Norman in this matter.

Thus, Plaintiff's first two motions for preliminary injunctions and temporary restraining orders were filed prior to the effectuation of service upon any of the defendants, and the Court has no indication that any defendant received service of these original motions. However, all of the defendants, except Ms. Norman, have now been served, have filed an Answer, and have acknowledged service of Plaintiff's more recently filed motions seeking the same injunctive relief. The Court finds that the subsequently filed motions for preliminary injunctions and temporary restraining orders (Doc. Nos. 33 and 40) are redundant in the relief they seek, and determines the more recent motions provide full and adequate notice to the defendants upon whom the motions have been served of the relief sought by Plaintiff, as well as the basis for that relief. Thus, the Court finds Plaintiff's requests for relief can be sufficiently and completely examined through the Court's consideration of the parties' memoranda in response to Plaintiff's most recently filed motions for preliminary injunctions and temporary restraining orders (Doc. Nos. 33 and 40). The Court has set forth a briefing schedule in a separate Order.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order (Doc. Nos. 10 and 11) be **DENIED as MOOT**.

Dated:       June 28, 2006                    s/Jeanne J. Graham

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

     Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 19, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.