## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cesar de la Garza, | Civil No. 06-208 (RHK/JJG) |
| Plaintiff-Appellant, | |
| v. | **ORDER** |
| Joan Fabian, et al., | |
| Defendant-Respondents. | |

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 104.) For the reasons discussed below, the Court concludes that (a) Plaintiff's IFP application should be granted, and (b) Plaintiff should be required to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(1), in the amount of $6.64.

Plaintiff is a Minnesota state prison inmate who is currently confined at a penal institution in Connecticut. He is attempting to appeal this Court's order of February 27, 2007, (Docket No. 87), which denied his motion for a temporary restraining order and preliminary injunction.

Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $455 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $455 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial

filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, then he or she will not have to pre-pay any part of the filing fee. If the prisoner is found not to be wholly destitute, then the Court must calculate and assess an "initial partial filing fee" pursuant to § 1915(b)(1). Henderson, 129 F.3d at 485. Whether the prisoner is destitute or not, any remaining balance of the $455 filing fee must be paid in installments pursuant to § 1915(b)(2).

A prisoner's IFP application will be denied, regardless of his financial circumstances, if the Court determines that his appeal is not taken "in good faith." 28 U.S.C. §§ 1915(a)(3) and 1915(e)(2); Fed. R. App. P. 24(a)(3); see also Henderson, 129 F.3d at 485 ("District courts should continue to certify pursuant to § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith"). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, the Court finds that Plaintiff is not wholly destitute. Plaintiff's IFP application indicates that his mother has sent him some money, and he currently has a positive balance in his prison trust account. According to the "Certificate" section of the IFP application, the average monthly deposit to Plaintiff's trust account during the past six months has been $0.00, but the average monthly balance in the account during the same period has been $33.20. Because the average balance amount is greater than the average deposit amount, Plaintiff's initial partial filing fee will be twenty percent of the former amount, (i.e., twenty percent

2

of his average monthly balance), which is $6.64, ($33.20 x 20% = $6.64). That amount is calculated to be, and assessed as, Plaintiff's initial partial filing fee, pursuant to § 1915(b)(1) and Henderson v. Norris. The remaining balance of the $455 filing fee will have to be paid in installments as provided by 28 U.S.C. § 1915(b)(2).

Turning to the issue of good faith, the Court finds that Plaintiff should be allowed to pursue his present appeal – even though he is not seeking appellate review of a final order. 28 U.S.C. § 1292(a)(1) permits interlocutory appeals when the appellant is seeking review of an order pertaining to injunctive relief, and Plaintiff apparently is seeking such review here. Thus, while the Court finds no reason to believe that Plaintiff has any meritorious grounds for taking an appeal, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Plaintiff's appeal is therefore found to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and he will be granted IFP status on appeal.

Finally, for the sake of judicial efficiency, all further proceedings at the District Court level in this case will be stayed, and held in abeyance, while this case is pending before the Court of Appeals.[1] No further action will be taken by the District Court in this matter, and no party will be permitted to file any

---

[1] The Court notes that Plaintiff recently filed a motion, (Docket 93), asking that all proceedings in this action be held in abeyance, while he awaits the arrival of his "legal papers," following his transfer to his current place of confinement. In light of the Court's determination that all proceedings at the District Court level should be stayed during Plaintiff's pending appeal, Plaintiff's "motion to hold in abeyance" will be denied as moot. If Plaintiff wishes to renew that motion after his appeal is complete, he will have to file a new motion.

The Court further notes that, after Plaintiff's appeal is complete, the presiding Magistrate Judge may find it appropriate to modify any deadlines set by any prior pre-trial order(s), which have not yet expired as of the date of this order staying the District Court proceedings.

further motions or other submissions in the District Court in this matter, until after the pending appeal is fully resolved and the case is returned to the District Court.[2]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(b)(1) and Henderson v. Norris, 129 F.3d at 485, Plaintiff's initial partial filing fee for the appeal in this matter is calculated and assessed to be $6.64;

2. Plaintiff must pay his initial partial filing fee immediately, and he must pay the remaining balance of the $455 filing fee for his appeal in the manner prescribed by 28 U.S.C. § 1915(b)(2);

3. Subject to the foregoing requirements pertaining to the payment of his filing fee, Plaintiff's application to proceed in forma pauperis on appeal, (Docket No. 104), is GRANTED;

4. All matters currently pending before the District Court in this action shall be stayed, and held in abeyance, until after Plaintiff's present appeal is completed, and the case has been returned from the Court of Appeals;

5. The parties shall not attempt to file any document pertaining to this action in the District Court while Plaintiff's present appeal is pending before the Court of Appeals; and

6. Plaintiff's pending motion to hold in abeyance, (Docket No. 93), is DENIED AS MOOT.

Dated: June  8 , 2007

                                                  s/Richard H. Kyle  
                                                RICHARD H. KYLE

---

[2] This order obviously will not prohibit any party from filing appeal-related documents in the Eighth Circuit Court of Appeals.

United States District Court Judge